### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GLC ON-THE-GO, INC., <br><br> Plaintiff, <br><br> v. <br><br> MISSION POINT OF GRANDVILLE, LLC d/b/a MISSION POINT NURSING AND REHABILIATION CENTER OF GRANDVILLE <br><br> Defendant. | Civil Action No. 1:23-cv-1149 <br><br> **ELECTRONICALLY FILED** |

### COMPLAINT

NOW COMES Plaintiff, GLC On-The-Go, Inc., by and through its undersigned counsel, and files the following Complaint against Defendant Mission Point of Grandville, LLC d/b/a Mission Point Nursing and Rehabilitation Center of Grandville, averring as follows:

### INTRODUCTION

1.  This action is brought (i) to enforce a valid contractual agreement entered into by the Parties; (ii) to demand judgment against Defendant for amounts owed and due under and pursuant to the valid contract; and (iii) for an award to Plaintiff of interest, costs, attorneys' fees and other appropriate relief against Defendant.

### PARTIES

2.  Plaintiff, GLC On-The-Go, Inc. ("Plaintiff" or "GLC"), is a Florida corporation licensed to do business in the State of Florida, and is doing business at 55 Weston Road, Suite 300, Sunrise, FL 33326.

3.  Defendant, Mission Point of Grandville, LLC d/b/a Mission Point Nursing and Rehabilitation Center of Grandville ("Grandville") is a limited liability company licensed to do

1

business in the State of Michigan with a place of business at 3400 Wilson Avenue SW, Grandville, Michigan 49418.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this civil action under 28 U.S.C. § 1332 because this civil case arises between citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.  This Court has personal jurisdiction over Defendant Grandville because Defendant has the required minimum contacts with this forum to establish personal jurisdiction. Defendant is (a) registered to do business in Michigan; (b) engages representatives in Michigan; and (c) has at least one office location within the State of Michigan.

6.  Based on Defendant's contacts as described herein, it was wholly foreseeable that it would be haled into court in the United States District Court for the Western District of Michigan.

7.  Venue is proper in the United States District Court for the Western District of Michigan under 28 U.S.C. § 1391 because: (a) the Defendant resides in, is a citizen of and is domiciled in Western Michigan; (b) this Court has personal jurisdiction over all parties; and (c) a substantial portion of the events giving rise to the claims asserted in this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

8.  On or about November 21, 2022, Defendant sought staffing services and qualified healthcare personnel ("Personnel") from GLC, and entered into a Staffing Services Agreement (the "Agreement"), the terms of which are set forth in the Agreement. A copy of the Agreement is attached hereto as Exhibit "A."

9. The Agreement was entered into and executed by Defendant Mission Point of Grandville, LLC d/b/a Mission Point Nursing and Rehabilitation Center of Grandville, who sought and accepted personnel staffing services from GLC and has since failed to remit payment for the same despite repeated demands from Plaintiff.

## COUNT I
## Breach of Contract

10. Plaintiff incorporates by reference Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. On or about November 21, 2022, Defendant sought staffing services and qualified healthcare personnel ("Personnel") from GLC, and entered into a Staffing Services Agreement (the "Agreement"), the terms of which are set forth in the Agreement. A copy of the Agreement is attached hereto as Exhibit "A."

12. The Agreement is a valid and binding contract between Plaintiff and Defendant.

13. Pursuant to the terms of the Agreement, Plaintiff provided Defendant certain staffing services and Personnel to Defendant's facility, namely Mission Point Nursing and Rehabilitation Center of Grandville (hereinafter referred to as the "Facility").

14. Defendant received and accepted said staffing services and Personnel for service at the Facility.

15. Defendant agreed to pay GLC for charges and Personnel provided to Defendant by GLC pursuant to the terms of the Agreement.

16. The unpaid balance on Defendant's account is $167,756.25. A copy of the unpaid invoices are attached hereto as Exhibit "B."

17. The Agreements also provide for late charges at the rate of 1.5% per month on the unpaid balance. *See* Exhibit A.

18. As of October 16, 2023, the late charges on the unpaid balance amount to $17,906.51.

19. The total outstanding balance on Defendant's account with GLC, as of October 16, 2023 is $185,662.76.

20. Late charges continue to accrue.

21. In addition, the Agreement requires Defendant to pay GLC's reasonable attorneys' fees in the event of litigation caused by Defendant's breach of the Agreement. *See* Exhibit A.

22. GLC conferred with Defendant numerous times regarding amounts Defendant owes to GLC and made repeated demands for payment.

23. Notwithstanding GLC's repeated requests and demands for payment, Defendant has failed to pay the aforesaid balance and late charges in breach of the parties' Agreement and has thereby caused GLC to incur substantial damages.

24. All conditions precedent Defendant's payment obligation(s) have occurred.

25. As such, GLC demands judgment against Defendant in the amount of $185,662.76, with continuing late charges thereon as set forth above. GLC also demands that its attorneys' fees and costs be paid by Defendant.

## COUNT II
### Unjust Enrichment

26. Plaintiff incorporates the allegations of Paragraphs 1 through 25 above herein by reference as though fully set forth herein.

27. As set forth above, GLC avers that the failure of Defendant to pay GLC constitutes a material breach of the Agreement.

28. In the alternative to a breach of the Agreement, GLC avers that it provided staffing services and qualified professional healthcare Personnel to Defendant and Defendant retained the benefit of such Personnel and services without paying GLC for the same.

29. Defendant knew that GLC expected to be paid for its staffing services.

30. It would be inequitable for Defendant to retain the benefit of GLC's services without adequately compensating GLC for the same.

31. As such, GLC demands judgment against Defendant in the amount of $185,662.76, together with fees, costs, interest, and such other relief as this Court deems appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Award judgment in Plaintiff's favor on all claims asserted;

b. Award interest accrued to date on the unpaid balance due under the contract;

c. Award costs, expenses and attorney's fees incurred by Plaintiff in bringing this lawsuit to enforce its contractual rights; and

d. Award such other relief as the Court deems to be just and proper.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ *Angela N. Outland*
ANGELA N. OUTLAND (P82878)
37000 Woodward Avenue, Suite 225
Bloomfield Hills, Michigan 48304
(313) 938-9319
aoutland@grsm.com

Dated: October 30, 2023

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GLC ON-THE-GO, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>MISSION POINT OF GRANDVILLE, LCC d/b/a MISSION POINT NURSING AND REHABILIATION CENTER OF GRANDVILLE,<br><br>                Defendant. | Civil Action No. _____<br><br>**ELECTRONICALLY FILED** |

### **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Complaint* was filed electronically. This filing and notice thereof will be sent to the following by U.S. Mail:

**Mission Point of Grandville, LLC d/b/a Mission Point Nursing and Rehabilitation Center of Grandville**
H. Roger Mali
Mission Point Healthcare Services
30700 Telegraph Road, Suite 1510
Bingham Farms, MI 48025

Efforts to personally serve Defendant are underway as of October 30, 2023

DATED: October 30, 2023